**MENG HONG CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1596–ag.

United States Court of Appeals, Second Circuit.

Jan. 26, 2007.

Meng Hong Chen, Brooklyn, NY, for Petitioner.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Meng Hong Chen, a native and citizen of the People's Republic of China, seeks review of a March 9, 2006 order of the BIA affirming the May 20, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meng Hong Chen*, No. A 78 855 925 (B.I.A. March 9, 2006), *aff'g* No. A 78 855 925

(Immig. Ct. N.Y. City May 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Substantial evidence does not support the IJ's adverse credibility determination, which relied heavily on a misapprehension of the record. First, the IJ misapprehended the record in finding it implausible that Chen was allowed to graduate after he failed to comply with a warning by school officials to cease his religious activities. The record indicates that Chen began proselytizing to other students in January 2001 and that in March 2001 school officials sanctioned him for engaging in his religious activities. There are no indications in Chen's asylum application or in his testimony before the IJ that he continued to proselytize while in school after being warned to cease his religious activities. Likewise, the IJ misapprehended the record in finding that Chen's testimony that he was arrested once in September 2001, was inconsistent with his written application. Chen's application suggests that after he graduated in July 2001, some time passed during which he pursued his religious activities, and it was only later, at an unspecified date, that the local authorities arrested and detained him. This is consistent with Chen's testimony before the IJ. The IJ further misapprehended the record when she observed that the letter from Chen's father did not allude to any police harassment after Chen's flight. To the contrary, Chen's father stated in his letter that after Chen "went into hiding" the police came to the home "very often" seeking Chen's whereabouts. Additionally, the IJ misstated the record in noting that Chen could not explain why his friend, purportedly in hiding, placed his return address on the envelope of a statement provided to the court. Chen readily explained that his friend did not use his "true" return address on the envelope, and answered follow-up questions on this issue. While the IJ was not required to credit Chen's explanation, it was required to take that explanation into account. *See Cao He Lin*, 428 F.3d at 403. Due to their flawed nature, none of the findings discussed above substantiated the IJ's adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

■ While Chen may not have offered any proof as to why he believed the Tiandao member whose house was raided was in hiding, he explained that he believed the person to be in hiding because he could no longer contact him. In any event, Chen's lack of corroboration for this allegation cannot substantiate an adverse credibility

finding when the remaining factors are deficient. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). We are unable to properly review the IJ's finding that Chen omitted his September 2001 arrest from his airport statement because this statement is missing from the record.

Due to the flaws in the IJ's decision, we remand this case with respect to Chen's asylum and withholding of removal claims because it cannot be "confidently predicted" that the IJ would have reached the same conclusion had she not erred in her reasoning. *See Xiao Ji Chen*, 434 F.3d at 162; *Cao He Lin*, 428 F.3d at 395. We need not reach the numerous documents Chen submitted in support of his petition, when the appropriate course would have been for Chen to have submitted the documents with a motion to reopen before the BIA. 8 C.F.R. § 1003.2(c)(1).

Finally, substantial evidence supports the IJ's determination that Chen set forth no facts or circumstances to establish that it was more likely than not that he would be tortured if forced to return to China. Based on the record, the IJ reasonably concluded that Chen did not establish eligibility for relief under CAT. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006) (stating that "torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part, the decision of the BIA is VACATED, in part, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).